**Joseph A. GAINES, Elizabeth J. Gaines, Plaintiffs,**

v.

**UNITED STATES, Defendant.**

**Civil Action No. 05–2326 (ESH).**

United States District Court, District of Columbia.

June 2, 2006.

Joseph A. Gaines, Las Vegas, NV, Pro se.

Elizabeth J. Gaines, Las Vegas, NV, Pro se.

### ORDER

HUVELLE, District Judge.

Plaintiffs suit for damages against the United States alleging violations of the Internal Revenue Code by agents of the Internal Revenue Service ("IRS") in the assessment and collection of taxes from him was dismissed without prejudice by the Court on March 31, 2006 for failure to exhaust administrative remedies. *Gaines v. United States,* 424 F.Supp.2d 219 (D.D.C.2006) ("March 31 Opinion"). On May 31, 2006, plaintiffs filed a Motion for Reconsideration ("Pl.'s Mot.") pursuant to Fed.R.Civ.P. 60(b)(4).

Rule 60(b)(4) provides for relief from judgment when "the judgment is void." *Id.* Here, plaintiffs assert that in light of *Turner v. United States,* 429 F.Supp.2d 149 (D.D.C.2006), which held the exhaustion requirement to be non-jurisdictional, the Court's March 31 Opinion dismissing his case is void. The Court's March 31 Opinion, however, analyzed the very issue on which plaintiff now seeks reconsideration and concluded that "[e]ven if the exhaustion requirement in this case were 'non-jurisdictional' in nature, plaintiff would fare no better." 424 F.Supp.2d at 223.

Accordingly, it is hereby **ORDERED** that plaintiffs' Motion for Reconsideration of Dismissal On Grounds of Failure to Exhaust Administrative Remedies [# 13] is **DENIED.**